UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

H. RICHARD AUSTIN,  )
        Plaintiff )
)
)
)
)
      v. ) Civil Action No. 12-30109-KPN
)
)
)
DOUGLAS G. PETERSON & )
ASSOCIATES, INC. and STEPHEN )
W. HOUGHTON, )
        Defendants )

REPORT AND RECOMMENDATION FOR SUA SPONTE DISMISSAL
June 20, 2012

NEIMAN, M.J.

Presently before the court is an action by H. Richard Austin ("Plaintiff") alleging fraud on the court against Douglas G. Peterson and Associates and Stephen W. Houghton ("Defendants"). As will be made clear, this is not Plaintiff's first action against Defendants.

When the court last heard from Plaintiff in 2008, it recommended the dismissal of what was, at that time, Plaintiff's fifth lawsuit arising out of a fire that destroyed his Vermont home in 1993, which recommendation was adopted and subsequently affirmed by the First Circuit. *See H. Richard Austin v. Douglas G. Peterson & Associates, et. al.*, No. 08-30128 (D. Mass. October 20, 2008), *aff'd*, No. 09-1099 (1st Cir. November 10, 2009). In that action, as here, Plaintiff alleged fraud and conspiracy against these same Defendants. In affirming the dismissal, the First Circuit admonished Plaintiff "that

he has repeatedly filed duplicative lawsuits and can have no objective good faith expectation of succeeding on his claims. Appellees have been repeatedly haled into court and forced to defend against baseless litigation, engaging the judicial resources of the federal district and circuit courts of three states. Austin has had his day in court (in fact, several of them). There is nothing to be gained in further proceedings." *Id.* The same remains true today. Accordingly, in an effort to reserve judicial resources and spare Defendants the time and cost of defending "baseless litigation," this court recommends the *sua sponte* dismissal of this action by the district judge to whom this case will be reassigned.

To be sure, "a dismissal on the court's own initiative, without affording the plaintiff either notice or an opportunity to be heard, is disfavored in federal practice." *Gonzalez-Gonzalez v. United States*, 257 F.3d 31, 36 (1st Cir. 2001). But where, as here, "it is crystal clear that the plaintiff cannot prevail" then a *sua sponte* dismissal is appropriate. *Id.* at 37 (citing *Curley v. Perry*, 246 F.3d 1278, 1281-82 (10th Cir. 2001); *Wyatt v. City of Boston*, 35 F.3d 13, 15 n.1 (1st Cir. 1994); *Smith v. Boyd*, 945 F.2d 1041, 1043 (8th Cir. 1991); *Shockley v. Jones*, 823 F.2d 1068, 1072-73 (7th Cir. 1987)). In short, the court believes that Plaintiff's sixth attempt to resurrect claims that have been repeatedly addressed and/or dismissed for want of merit is such an instance where *sua sponte* dismissal is appropriate.

The court will also recommend that Plaintiff be barred from filing any further complaints against these Defendants - - and/or complaints relating directly or indirectly to the house fire that has formed the basis of these many lawsuits - - in the District

Court of Massachusetts without receiving the prior consent of the district judge or magistrate judge in the western division. A district court has the power to enjoin litigants who abuse the court system by filing groundless and vexatious litigation. *See Elbery v. Louison*, 201 F.3d 427, 1999 WL 1295871 at *2 (1st Cir. Dec. 17, 1999) (per curiam) (citing *Cok v. Family Court*, 985 F.2d 32, 34 (1st Cir. 1993)). *See also O'Connor v. Northshore Int'l et al.,* C.A. No. 03-10152-DPW (dismissed under § 1915(e)(2)), *aff'd*, No. 03-1601 (1st Cir. Oct. 15, 2003); 28 U.S.C. § 1651 (courts may issue all writs necessary or appropriate in aid of their respective jurisdictions). Here, Plaintiff's repeated filings of legally deficient complaints are a burden on the court's time and resources and, in this court's opinion, constitute an abuse of the processes of the court for the administration of justice. Thus, the issuance of an order to the Clerk of this Court that the Clerk not file documents presented by Plaintiff absent leave is warranted. *See Castro v. United States*, 775 F.2d 399, 408 (1st Cir. 1985) (per curiam) ("[I]n extreme circumstances involving groundless encroachment upon the limited time and resources of the court and other parties, an injunction barring a party from filing and processing frivolous and vexatious lawsuits may be appropriate."); *accord Gordon v. U.S. Dep't of Justice*, 558 F.2d 618, 618 (1st Cir. 1977) (per curiam) (same); *Pavilonis v. King*, 626 F.2d 1075, 1078 (1st Cir. 1980) (same).

For the reasons stated, the court recommends that Plaintiff's complaint be DISMISSED. The court also recommends that an order in the form appended be

issued so as to forestall any further waste of this court's time.[1]

DATED: June 20, 2012

                                            /s/ Kenneth P. Neiman
                                           KENNETH P. NEIMAN
                                           U.S. Magistrate Judge

---

[1] Plaintiff is advised that under the provisions of Fed. R. Civ. P. 72(b) or Fed. R. Crim. P. 59(b), any party who objects to these findings and recommendations must file a written objection with the Clerk of this Court **within fourteen (14) days** of her receipt of this Report and Recommendation. The written objection must specifically identify the portion of the proposed findings or recommendations to which objection is made and the basis for such objection. Plaintiff is further advised that failure to comply with this rule shall preclude further appellate review by the Court of Appeals of the District Court order entered pursuant to this Report and Recommendation. *See Keating v. Sec'y of Health & Human Servs.*, 848 F.2d 271, 275 (1st Cir. 1988); *United States v. Valencia-Copete*, 792 F.2d 4, 6 (1st Cir. 1986); *Scott v. Schweiker*, 702 F.2d 13, 14 (1st Cir. 1983); *United States v. Vega*, 678 F.2d 376, 378-79 (1st Cir. 1982); *Park Motor Mart v. Ford Motor Co.*, 616 F.2d 603, 604 (1st Cir. 1980). *See also Thomas v. Arn*, 474 U.S. 140, 154-55 (1985).